FILED

MAR – 5 2025

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No.
)
ANTHONY A. MOORE, )
) **4:25CR103-SEP/RHH**
Defendant. )

## INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defines the term

(a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b) " sexually explicit conduct" to mean actual or simulated--

(i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii) bestiality,

(iii) masturbation,

(iv) sadistic or masochistic abuse, or

(v) lascivious exhibition of the genitals, anus or pubic area of any person (18 U.S.C §2256(2)(A)); and

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.  (18 U.S.C.§2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where-

(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2.  On or between about October 1, 2023, and July 1, 2024, within the Eastern District of Missouri and elsewhere,

**ANTHONY A. MOORE**

the defendant herein, did knowingly receive image files and video files of child pornography using any means and facility of interstate and foreign commerce, to wit the defendant knowingly received and distributed image files and video files of child pornography via the internet, to include but not limited to images and videos of prepubescent children and minors engaged in acts of masturbation, sexual acts and the lascivious display of their genitals,

in violation of 18 U.S.C. § 2252A(a)(2).

**COUNT II**

The Grand Jury further charges that:

1.    The allegations contained in paragraph one of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2.    On or between about October 1, 2023, and July 1, 2024, within the Eastern

District of Missouri and elsewhere,

## ANTHONY A. MOORE,

the Defendant herein, did use any facility and means of interstate commerce, and did knowingly attempt to persuade, induce, entice and coerce a minor, under the age of fourteen, to engage in sexual activity for which any person could be charged with a criminal offense, to wit: the Defendant, who was at least twenty-one years of age, communicated via the internet with an individual who the Defendant believed to be under the age of fourteen years, and attempted to persuade, induce, entice and coerce that minor to engage in sexual activity, in violation of Missouri Revised Statutes Sections 573.023 (sexual exploitation of a minor), 573.200 (child used in a sexual performance), 573.205 (promoting sexual performance by a child), 573.037 (possession of child pornography), 566.032 (statutory rape 1st degree), 566.060 (statutory sodomy 1st degree), 566.067 (child molestation 1st degree), 566.151 (enticement of a child), as well as Title 18 U.S.C. section 2252A(a)(2) (receiving/distributing child pornography),

in violation of Title 18, United States Code, Section 2422(b).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.      Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Section 2252A(a)(2) as set forth in Count I of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property. This includes, but is not limited to the following property:

- Apple iPhone 13 Pro cellular telephone
- Hi-Point C9 9mm firearm
- Google cellular telephone
- Samsung cellular telephone

2.  If any of the property described above, as a result of any act or omission of the

defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third party;

c.  has been placed beyond the jurisdiction of the court;

d.  has been substantially diminished in value; or

e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).


A TRUE BILL.


_____

FOREPERSON


SAYLER A. FLEMING
United States Attorney


_____
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov